**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

United States Courts
Southern District of Texas
**F I L E D**

OCT 2 9 2024

Nathan Ochsner, Clerk of Court

| | | |
|---|---|---|
| **GYANENDRA K. PATRA**<br>5022 Big Meadow Lane,<br>Katy, Texas 77494<br>*Plaintiff* | $<br>$<br>$<br>$<br>$<br>$ | |
| v. | $<br>$ | **Civil Action No. :** _____ |
| **Schlumberger Technology Corporation,**<br>300 Schlumberger Drive,<br>Sugar Land, Texas 77478<br>*Defendant,* | $<br>$<br>$<br>$<br>$<br>$ | |
| **Alexander C. Landin,**<br>THE KULLMAN FIRM,<br>1100 Poydras Street, Suite 1600,<br>New Orleans, LA 70163-1600,<br>*Defendant,* | $<br>$<br>$<br>$<br>$<br>$ | JURY DEMAND ENDORSED HEREIN |
| **MaryJo Lovie Roberts,**<br>THE KULLMAN FIRM,<br>1100 Poydras Street, Suite 1600,<br>New Orleans, LA 70163-1600,<br>*Defendant.* | $<br>$<br>$<br>$ | |

---

## COMPLAINT FOR DAMAGES AND RELIEF FOR FRAUD, FORGERY, IDENTITY THEFT, MISCONDUCT, BREACH OF PRIVACY, COERCION AND VIOLATIONS OF FEDERAL STATUTES

---

Plaintiff Gyanendra K Patra ("Plaintiff"), proceeding pro se, hereby files this Complaint against Defendants Schlumberger Technology Corporation, Alexander C. Landin, and MaryJo Lovie Roberts (collectively "Defendants"), and alleges as follows:

## I. INTRODUCTION

This case presents a stark tableau of misconduct and deception by a corporate giant, Schlumberger Technology Corporation (STC), against an individual, Gyanendra K Patra, whose only mistake was trusting his employer to act within the bounds of the law. Mr. Patra, a former employee, finds himself compelled to seek justice through this Court due to STC's egregious actions including fraud, forgery, identity theft, and a blatant disregard for the legal process and Mr. Patra's personal circumstances.

Despite Mr. Patra's cooperation with STC during a demanding and invasive discovery process, STC exploited his vulnerable state during medical recovery to alter and submit unauthorized documents to the IRS, aiming to deceitfully inflate the damages calculation and mislead the federal court. This was not an isolated incident but part of a pattern of intimidation, coercion, and professional misconduct by STC and its counsel, demonstrating a flagrant disrespect not only for Mr. Patra but also for the rule of law and the judicial system. This lawsuit seeks to hold STC accountable for its actions and to restore the dignity and rights of Mr. Patra.

## II. JURISDICTION

**Subject Matter Jurisdiction**: This Court has subject matter jurisdiction over the present case pursuant to 28 U.S.C. § 1332, as this is a civil action where the matter in controversy exceeds the

sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states. Additionally, the nature of the claims involves federal questions under the United States Constitution and federal statutes, thereby providing federal question jurisdiction under 28 U.S.C. § 1331.

**Personal Jurisdiction**: This Court has personal jurisdiction over the parties in this case as the defendant(s) have sufficient minimum contacts with the State of Texas. The defendant(s) have conducted business in Texas, and the events giving rise to the plaintiff's claims occurred within this district. Furthermore, the defendant(s) have availed themselves of the privileges of conducting activities within the Southern District of Texas, Houston Division, thus invoking the benefits and protections of its laws.

**Venue**: Venue is proper in the Southern District of Texas, Houston Division, under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this district, and the defendants are subject to personal jurisdiction in this district regarding the actions involved in this litigation.

## III. PARTIES

**Plaintiff**: Gyanendra K Patra, proceeding pro se, with domicile in the State of Texas, residing at 5022 Big Meadow Lane, Katy, Texas 77494. Email: gpatra@gmail.com. Phone: 732 801 8983.

**Defendant 1**: Schlumberger Technology Corporation, a corporation organized and existing under the laws of the State of Texas, with its principal place of business at 300 Schlumberger Drive, Sugar Land, Texas 77478.

**Defendant 2**: Alexander C. Landin, an individual, attorney at THE KULLMAN FIRM, A Professional Law Corporation, with domicile in the State of Louisiana, office located at 1100 Poydras Street, Suite 1600, New Orleans, LA 70163-1600. Email: acl@kullmanlaw.com. Phone: 504-524-4162

**Defendant 3**: MaryJo Lovie Roberts, an individual, attorney at THE KULLMAN FIRM, A Professional Law Corporation, with domicile in the State of Louisiana, office located at 1100 Poydras Street, Suite 1600, New Orleans, LA 70163-1600. Email: mlr@kullmanlaw.com. Phone: 504-596-4195

## IV. GENERAL ALLEGATIONS

1. Plaintiff, Gyanendra K Patra, was an employee of Defendant, Schlumberger Technology Corporation ("STC"), from March 2019 until his unlawful termination in September 2019.

2. Following his termination, Plaintiff filed discrimination charges with the Equal Employment Opportunity Commission ("EEOC") and subsequently received a Right to Sue letter.

3. Plaintiff initially filed a complaint as a Pro Se litigant in the Texas Southern District Court, asserting violations under Title VII of the Civil Rights Act of 1964, the Age Discrimination Act of 1967, and the Americans with Disabilities Act of 1990.

4. STC is a multinational oil and gas services company with substantial resources, including a large in-house legal team and numerous external legal partnerships across Texas.

5. On January 19, 2023, a Joint Discovery/Case Management Plan was submitted by Defendant's counsel, Alexander Landin, following a joint conference call among all parties involved.

6. The court's scheduling order dated January 30, 2023, outlined deadlines for initial disclosures, expert witness lists and reports, discovery completion, and dispositive motion filing, setting a jury trial date for January 8, 2024.

7. On March 3, 2023, and March 6, 2023, Defendant's counsel, Mr. Alexander Landin, sent emails to Plaintiff requesting several authorizations for the release of sensitive personal information, including medical, employment, and financial records.

8. Plaintiff complied by sending signed authorizations on March 8, 2023, including IRS Form 4506 for the tax year 2019, under pressure to facilitate an early settlement while recovering from major surgery.

9. Defendant, without Plaintiff's consent or knowledge, altered the IRS Form 4506 to include additional tax years (2021 and 2022) and submitted the form to the IRS, which was subsequently rejected and returned to Plaintiff marked with discrepancies on May 25, 2023.

10. On May 18, 2023, the court granted a motion to dismiss Plaintiff's claims, including age, religious, and disability discrimination, among others, effectively terminating the case at that level.

11. Plaintiff discovered the unauthorized alterations to IRS Form 4506 and filed a motion on November 9, 2023, presenting both the forged document and the original, highlighting the

discrepancies. Despite the submission of the motion and direct communication to Defendant, there was no response from Defendant or its counsel regarding the forgery allegations.

12. Plaintiff's IRS tax returns include sensitive information about his family, which he fears could be misused by Defendant to cause financial and emotional harm.

13. In the subsequent months, Plaintiff experienced unauthorized credit card charges and damage to personal property under suspicious circumstances, further exacerbating his distress and suspicion of ongoing retaliation.

14. Plaintiff has taken preventive measures by enabling credit monitoring and notifying banks to monitor accounts due to fears of identity theft and misuse of personal information.

15. Plaintiff alleges that Defendant exploited his health condition and recovery periods to pressurize him into releasing irrelevant personal information under the guise of discovery, potentially reaching out to current employers to damage his reputation and employment status.

16. Plaintiff communicated with Defendant's counsel regarding the unauthorized alterations and potential legal actions for professional misconduct, fraud, and forgery through emails dated October 10, 2024, and subsequent dates.

17. Defendant's counsel, in communications dated October 10, 2024, dismissed Plaintiff's concerns and threatened further legal action against Plaintiff for pursuing what they termed baseless claims.

18. The actions of Defendant and its counsel have led Plaintiff to file a complaint with the State Bar of Texas concerning professional misconduct, fraud, forgery, and identity theft, as evidenced by email communications on October 10, 2024, and subsequent dates.

19. Plaintiff demands compensation in the amount of $7,500,000 for damages, alongside other applicable punishments and fines, due to the actions of the Defendant.

20. These actions and communications form the basis of Plaintiff's claims against Defendant for multiple violations including but not limited to Defendant's conduct during the legal proceedings, particularly the unauthorized and altered IRS Form 4506 submission, fraud, forgery, identity theft, breach of privacy, and professional misconduct.

## V. CLAIMS FOR RELIEF

### COUNT ONE: FRAUD

Plaintiff incorporates all other paragraphs in this Complaint by reference as though fully written here.

1. A representation was made that was material to the transaction at hand. Defendant, through its counsel, represented to Plaintiff that they were authorized to obtain Plaintiff's tax returns for the years 2019 and 2020 for the purpose of establishing a baseline for damage calculations related to the employment dispute.

2. The representation was false. Defendant, without Plaintiff's knowledge or consent, altered the IRS Form 4506 to include additional years (2021 and 2022) that Plaintiff did not authorize.

3. At the time the representation was made, Defendant knew the representation was false or made it recklessly without knowledge of its truth as a positive assertion. This is evidenced by the unauthorized modification of the IRS Form 4506, an act that requires deliberate alteration of official documentation.

4. The representation was made with the intention that Plaintiff should act upon it. Defendant intended for Plaintiff to believe that only the years 2019 and 2020 were being requested and

to remain unaware of the unauthorized years being added, thereby misleading Plaintiff and the IRS.

5. Plaintiff acted in reliance upon the representation. Plaintiff signed the IRS Form 4506 under the impression that it was for the years 2019 and 2020, as per the initial agreement and discussions with Defendant.

6. Plaintiff suffered significant obstruction on recovery from surgical procedure complicating injury as a result of acting on the false representation. The unauthorized submission led to potential exposure of sensitive financial information and personal distress, compounded by the IRS's refusal to process the request, which flagged the document as suspicious, further implicating Plaintiff in potential fraudulent activities unknowingly.

7. The complications from injury resulted directly from the Plaintiff's reliance on the false representation. The distress and potential reputational damage from the IRS's reaction to the fraudulent submission directly stemmed from Defendant's unauthorized and deceptive actions in altering the IRS Form 4506.

WHEREFORE, Plaintiff demands judgment against Defendant for compensatory damages, punitive damages, costs, and such other relief as this Court deems just and proper.

## COUNT TWO: FORGERY

Plaintiff incorporates all other paragraphs in this Complaint by reference as though fully written here.

8. Under Texas law, a person commits forgery if they alter, make, complete, execute, or authenticate any writing so that it purports to be the act of another who did not authorize that

act, to be a copy of an original when no such original existed, or to be an original when it was indeed a copy.

9. Defendant Schlumberger Technology Corporation, through its counsel, altered an IRS Form 4506, which Plaintiff had originally signed and authorized only for the tax years 2019 and 2020.

10. The alteration made by Defendant added unauthorized tax years 2021 and 2022 to the IRS Form 4506 without Plaintiff's knowledge or consent.

11. The IRS Form 4506, as altered by Defendant, was submitted to the IRS in an attempt to obtain Plaintiff's tax return information for the years 2021 and 2022.

12. The IRS recognized the irregularity in the request due to the unauthorized alterations and consequently did not honor the request, returning the form marked with a postmark of May 25, 2023, to Plaintiff's address.

13. The act of altering the IRS Form 4506 to include additional years without Plaintiff's consent constitutes the execution of a writing that purports to be the act of another who did not authorize the act, specifically, it purports that Plaintiff authorized the request for tax information for the years 2021 and 2022 when in fact he did not.

14. Defendant's actions were intended to deceive or harm Plaintiff by unlawfully obtaining confidential tax information for years not authorized by Plaintiff, thereby potentially influencing the legal proceedings related to Plaintiff's employment discrimination claims.

15. Such conduct by Defendant meets the elements of forgery under Texas Penal Code § 32.21.

16. By these actions, Defendant Schlumberger Technology Corporation committed forgery, directly impacting Plaintiff's rights and privacy.

WHEREFORE, Plaintiff demands judgment against Defendant for compensatory damages, punitive damages, costs, and such other relief as this Court deems just and proper.

## COUNT THREE: IDENTITY THEFT

Plaintiff incorporates all other paragraphs in this Complaint by reference as though fully written here.

17. Defendant, without lawful authority, knowingly used or possessed with intent to use any means of identification of the Plaintiff.

18. On or around May 12, 2023, Plaintiff authorized Defendant to access his IRS Form 4506 for the tax years 2019 and 2020 for the purpose of baseline damage assessment in ongoing litigation.

19. Subsequently, Defendant altered the IRS Form 4506 by adding unauthorized tax years 2021 and 2022 without Plaintiff's knowledge or consent, which constitutes use of Plaintiff's means of identification.

20. The IRS, recognizing potential fraud or discrepancy, did not process the request and instead returned the form marked with indications of the unauthorized alterations around May 25, 2023.

21. Plaintiff suffered fear and apprehension regarding the misuse of his sensitive financial information, which could potentially lead to financial harm, emotional distress, and reputational damage.

22. Defendant's unauthorized alteration and submission of the IRS Form 4506 with the intent to obtain Plaintiff's tax records for years not consented to by Plaintiff constitutes an attempt to commit identity theft.

23. Such actions by Defendant were intentional and without justification, aimed at obtaining Plaintiff's personal financial records beyond the scope of the authorized years.

24. Defendant's actions were intended to harm Plaintiff by unlawfully accessing his financial records for years not consented to by Plaintiff, thereby violating Plaintiff's privacy and potentially exposing him to financial fraud.

25. As a direct and proximate result of Defendant's actions, Plaintiff suffered damages including emotional distress, invasion of privacy, and had to take measures to protect himself from further identity theft and financial harm, such as enabling credit bureau monitoring and requesting banks to monitor his accounts.

26. Plaintiff's fear of misuse of his and his family's personal and financial information continues to cause emotional distress and necessitates ongoing monitoring and protective measures.

27. By these actions, Defendant has violated 18 U.S.C. § 1028, which governs fraud and related activity in connection with identification documents, authentication features, and information.

WHEREFORE, Plaintiff demands judgment against Defendant for compensatory damages, punitive damages, costs, and such other relief as this Court deems just and proper.

## COUNT FOUR: BREACH OF PRIVACY

Plaintiff incorporates all other paragraphs in this Complaint by reference as though fully written here.

28. In Texas, a claim for breach of privacy encompasses several potential invasions of privacy, including but not limited to, intrusion upon seclusion, public disclosure of private facts, false

light in the public eye, and appropriation of name or likeness. The Plaintiff asserts the Defendant's actions constitute a breach of privacy through intrusion upon seclusion.

29. Intrusion upon seclusion occurs when one intentionally intrudes, physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns, if the intrusion would be highly offensive to a reasonable person. The Plaintiff avers that the Defendant, without consent or authorization, altered IRS Form 4506 to include additional years (2021 and 2022) beyond those authorized by the Plaintiff, thereby unlawfully attempting to access Plaintiff's private financial information.

30. The Plaintiff had initially provided signed consent on IRS Form 4506 for the tax years 2019 and 2020 only. The Defendant, by altering this form to include tax years 2021 and 2022 without Plaintiff's consent or knowledge, engaged in an unauthorized intrusion into Plaintiff's private financial records, which constitutes a breach of the Plaintiff's privacy.

31. The intrusion is deemed highly offensive as it involves the unauthorized and deceitful attempt to access sensitive financial information, which could potentially expose the Plaintiff to financial fraud and identity theft. Such actions by the Defendant were not only unauthorized but were also concealed from the Plaintiff, further demonstrating the offensive nature of the intrusion.

32. The unauthorized access attempted by the Defendant was not of legitimate concern to the Defendant and was outside the scope of any reasonable legal or discovery process related to the ongoing litigation between the parties, thereby rendering the intrusion highly offensive to a reasonable person.

33. As a direct and proximate result of the Defendant's actions, the Plaintiff has suffered anguish and distress, fearing further unauthorized access and potential misuse of his sensitive

personal and financial information, which has necessitated steps such as credit monitoring
and other protective measures to safeguard against identity theft.

34. The Plaintiff further avers that the Defendant's actions were intentional and malicious, aimed
at coercing the Plaintiff during a period of medical vulnerability, thereby exacerbating the
offensive nature of the intrusion.

WHEREFORE, Plaintiff demands judgment against Defendant for compensatory damages,
punitive damages, costs, and such other relief as this Court deems just and proper.


## COUNT FIVE: ATTEMPT TO COMMIT IDENTITY THEFT

Plaintiff incorporates all other paragraphs in this Complaint by reference as though fully written
here.

35. Under Texas law, an individual commits the offense of attempt to commit identity theft if the
individual, with the intent to harm or defraud another, obtains, possesses, transfers, or uses an
identifying item of another person without the other person's consent.

36. Defendant Schlumberger Technology Corporation, by and through its agents, obtained
Plaintiff Gyanendra K Patra's IRS Form 4506 and altered it by adding unauthorized years
(2021 and 2022) for the apparent purpose of obtaining tax return information for years not
consented to by Plaintiff.

37. The alteration of the IRS Form 4506 was done without the knowledge or consent of Plaintiff,
as evidenced by the fact that Plaintiff only authorized the release of tax returns for the years
2019 and 2020.

38. The IRS, recognizing the potential discrepancy or fraud, did not process the request but instead returned the altered form to Plaintiff, thereby preventing the completion of the identity theft but confirming the attempt.

39. Defendant's actions were intentional, aiming to use Plaintiff's sensitive tax information, potentially to harm or defraud Plaintiff, which is evidenced by the unauthorized addition of years on the IRS Form 4506.

40. By these actions, Defendant engaged in conduct that constitutes an attempt to commit identity theft under 18 U.S.C. § 1028(a)(7), which prohibits knowingly transferring, possessing, or using, without lawful authority, a means of identification of another person with the intent to commit, or to aid or abet, or in connection with any unlawful activity that constitutes a violation of Federal law, or that constitutes a felony under any applicable State or local law.

41. Defendant's actions were directed intentionally towards obtaining unauthorized access to Plaintiff's financial records, which could be used to the detriment and harm of the Plaintiff, thereby satisfying the intent requirement necessary for an attempt to commit identity theft under Texas law.

42. By these actions, Defendant has engaged in conduct that constitutes an attempt to commit identity theft, in violation of Texas Penal Code § 32.51, which prohibits obtaining, possessing, transferring, or using an item of identifying information without the owner's consent with the intent to harm or defraud another.

43. Plaintiff suffered fear and distress over the potential misuse of his personal and financial information, which has led to ongoing emotional and psychological harm.

44. The unauthorized and deceitful actions of Defendant, as described, were directed specifically at obtaining control over Plaintiff's identifying information without consent and with the intent to engage in unlawful activity, thereby meeting the elements required for an attempt to commit identity theft.

WHEREFORE, Plaintiff demands judgment against Defendant for compensatory damages, punitive damages, costs, and such other relief as this Court deems just and proper.


## COUNT SIX: PERJURY

Plaintiff incorporates all other paragraphs in this Complaint by reference as though fully written here.

45. Under Texas law, the essential elements of perjury include (1) making a false statement, (2) under oath, (3) with knowledge of the statement's falsity or reckless disregard for its truth, (4) where the statement is material to the proceeding.

46. Defendant, through its counsel, submitted a Joint Discovery/Case Management Plan to the Court on January 19, 2023, which included statements and representations regarding the discovery process and the materials to be disclosed.

47. Defendant, through its counsel, submitted a modified IRS Form 4506 to the Internal Revenue Service, which included unauthorized years (2021 and 2022) that Plaintiff had not agreed to and had not authorized, as evidenced by the original signed form submitted by Plaintiff, which only authorized the release of tax returns for the years 2019 and 2020.

48. Defendant's counsel, aware of the limited authorization, altered the IRS Form 4506 to include additional years beyond those consented to by Plaintiff, demonstrating knowledge that the submission was false.

49. The false IRS Form 4506 was material to the proceedings as it was intended to be used to establish a baseline for damage calculations related to Plaintiff's employment claims, directly influencing the potential legal and financial outcomes of the case.

50. The false representation on the altered IRS Form 4506 was made under oath, as the form requires a declaration under penalty of perjury that the information provided is true, correct, and complete.

51. Defendant, through its counsel, acted with knowledge of the falsity of the statement or with reckless disregard for its truth, as evidenced by the unauthorized addition of years to the IRS Form 4506, which was submitted without Plaintiff's knowledge or consent.

52. The false statement was material to the proceeding, as it pertained to the discovery process in an ongoing litigation, specifically aimed at determining potential damages and other relevant financial information crucial to the case's outcome.

53. The IRS identified the discrepancy in the authorization years on the form, deemed the request unauthorized, and consequently did not honor it, returning the form marked with a postmark date of May 25, 2023, to Plaintiff's address, thereby preventing potential misuse of Plaintiff's sensitive financial information.

54. Defendant's actions in knowingly submitting an altered IRS Form 4506 constitute perjury, as they involved making a false statement under oath with the knowledge of its falsity, and were material to the judicial proceedings in which they were presented.

55. Such conduct not only undermines the integrity of the judicial process but also violates the trust placed in parties to conduct discovery in accordance with the law and court orders.

WHEREFORE, Plaintiff demands judgment against Defendant for compensatory damages, punitive damages, costs, and such other relief as this Court deems just and proper.

## COUNT SEVEN: AGGRAVATED PERJURY

Plaintiff incorporates all other paragraphs in this Complaint by reference as though fully written here.

56. Under Texas law, a person commits perjury if, with intent to deceive and with knowledge of the statement's meaning, he makes a false statement under oath or swears to the truth of a false statement previously made and the statement is required or authorized by law to be made under oath.

57. A person commits aggravated perjury if the false statement is made during or in connection with an official proceeding and is material.

58. On or about May 12, 2023, Defendant, through its counsel, submitted an altered IRS Form 4506 to the Internal Revenue Service, which included unauthorized years (2021 and 2022) that Plaintiff had not agreed to disclose, thereby making a false statement under oath.

59. The submission of the IRS Form 4506 by Defendant's counsel was required by law to be made under oath as part of the discovery process in the ongoing litigation between Plaintiff and Defendant, thus satisfying the requirement that the false statement be under oath.

60. The false statement was material, as it pertained to Plaintiff's financial information, which was directly relevant to the determination of damages in the ongoing litigation.

61. The alteration and submission of the IRS Form 4506 occurred during the discovery phase of an official proceeding, namely the litigation of Plaintiff's employment discrimination and wrongful termination claims against Defendant in the Texas Southern District Court.

62. Defendant's counsel acted with intent to deceive by altering the IRS Form 4506 without Plaintiff's knowledge or consent, as evidenced by the IRS's refusal to process the request due to the unauthorized alterations, and by Defendant's subsequent failure to address or correct the alteration when it was brought to light.

63. By these actions, Defendant, through its counsel, committed aggravated perjury, intending to deceive both Plaintiff and the Court, thereby obstructing the justice process in the ongoing official proceeding.

64. By altering the IRS Form 4506 and submitting it to the IRS without Plaintiff's authorization or knowledge, Defendant's counsel created a false official document, which was then used in the context of an official proceeding, thereby satisfying the elements required for aggravated perjury under Texas law.


WHEREFORE, Plaintiff demands judgment against Defendant for compensatory damages, punitive damages, costs, and such other relief as this Court deems just and proper.


## COUNT EIGHT: MISLEADING AND CHEATING GOVERNMENT AGENCIES - IRS

Plaintiff incorporates all other paragraphs in this Complaint by reference as though fully written here.

65. Under 18 U.S.C. § 1001, it is unlawful to knowingly and willfully falsify, conceal, or cover up by any trick, scheme, or device a material fact; make any materially false, fictitious, or fraudulent statement or representation; or make or use any false writing or document knowing it contains any materially false, fictitious, or fraudulent statement or entry in any

matter within the jurisdiction of the executive, legislative, or judicial branch of the Government of the United States.

66. Defendant Schlumberger Technology Corporation, by and through its agents and/or employees, engaged in actions intended to mislead and cheat government agencies, specifically the Internal Revenue Service (IRS), by altering IRS Form 4506, which is a document within the jurisdiction of the United States Department of the Treasury.

67. Defendant Schlumberger Technology Corporation ("Defendant") knowingly and willfully made false statements to a government agency, specifically the Internal Revenue Service ("IRS"), with the intent to impede, obstruct, or influence the administration of the Internal Revenue laws pursuant to 26 U.S.C. § 7212(a).

68. On or about May 12, 2023, Plaintiff authorized and submitted to Defendant signed IRS Form 4506 for the tax years 2019 and 2020, for the purpose of complying with a legitimate request for financial information relevant to the ongoing litigation.

69. Subsequent to Plaintiff's submission of the authorized IRS Form 4506, Defendant, without Plaintiff's knowledge or consent, altered the said form by adding additional tax years, specifically the years 2021 and 2022, to the form.

70. Defendant submitted the altered IRS Form 4506 to the IRS, thereby making a materially false, fictitious, or fraudulent statement or representation to a government agency.

71. The IRS, upon identifying the discrepancies or potential fraudulent activity in the altered IRS Form 4506, did not process the request but instead returned the form marked with indications of the unauthorized alterations to Plaintiff's address, as evidenced by a postmark dated May 25, 2023.

72. The actions of Defendant were performed knowingly and willfully with the intent to deceive, mislead, or otherwise obstruct the lawful functions of the IRS in processing legitimate requests for tax return information.

73. By these actions, Defendant violated 18 U.S.C. § 1001, as the submission of the altered IRS Form 4506 involved a false document containing materially false, fictitious, or fraudulent statements or entries, made with the intent to deceive a government agency within the jurisdiction of the United States Government.

74. As a direct and proximate result of Defendant's unlawful actions under 18 U.S.C. § 1001, Plaintiff suffered damages including, but not limited to, emotional distress, invasion of privacy, and potential exposure to further legal and financial detriment.

75. Plaintiff suffered actual harm as a result of Defendant's actions, including but not limited to invasion of privacy, unauthorized access to sensitive financial information, and emotional distress, all of which were direct results of Defendant's misleading and cheating actions toward the IRS.

76. Such conduct by Defendant also placed Plaintiff at risk of potential future financial scrutiny or audits by the IRS due to the submission of altered official documents in Plaintiff's name, further contributing to Plaintiff's damages.


WHEREFORE, Plaintiff seeks all remedies available under the law, including but not limited to, compensatory damages, punitive damages, and any such further relief as this Court deems just and proper.

**COUNT NINE: TRYING TO CHEAT, DECEIVE, AND MISLEAD FEDERAL COURT AND ITS EMPLOYEES**

Plaintiff incorporates all other paragraphs in this Complaint by reference as though fully written here.

77. Defendant, with intent to deceive, made false statements and representations to the Federal Court and its employees.

78. On or about May 12, 2023, Defendant altered an IRS Form 4506 by adding unauthorized years (2021 and 2022) for the request of Plaintiff's tax returns, which Plaintiff had not authorized, and submitted this altered form to the IRS and presented it as part of the discovery process in the ongoing litigation.

79. The IRS, recognizing the potential discrepancies or fraudulent alterations in the form, did not process the request but instead returned the form marked unprocessed to Plaintiff, thereby notifying him of the unauthorized changes.

80. Defendant's actions were intended to obtain sensitive financial information beyond the scope agreed upon, which could potentially influence the outcome of the pending litigation by misrepresenting the Plaintiff's financial condition and history to the Court.

81. By submitting the altered IRS Form 4506 to the IRS and intending for it to be used in the Federal Court proceedings, Defendant knowingly and willfully made false representations to a department of the United States, specifically the IRS, and the Federal Court, with the intent to deceive and mislead both institutions.

82. These actions were part of a broader pattern of behavior aimed at coercing and pressuring Plaintiff during a time of medical vulnerability, as evidenced by Defendant's persistent

requests for extensive personal, medical, and financial records during the discovery process, many of which were irrelevant to the claims at issue in the litigation.

83. Defendant's conduct interfered with the administration of justice by attempting to introduce falsified documents into the record of a Federal Court case, thereby undermining the integrity of the judicial process.

84. This conduct constitutes an attempt to cheat, deceive, and mislead the Federal Court and its employees, in violation of the principles of honest and fair litigation and the ethical standards expected of parties in Federal proceedings.

## COUNT TEN: PROFESSIONAL MISCONDUCT

Plaintiff incorporates all other paragraphs in this Complaint by reference as though fully written here.

85. Defendant, through its counsel, engaged in conduct that involved dishonesty, fraud, deceit, or misrepresentation, which constitutes professional misconduct under the applicable legal and ethical standards governing the conduct of attorneys in Texas.

86. Defendant's counsel altered IRS Form 4506 by modifying the form to include unauthorized years (2021 and 2022) without informing Plaintiff or obtaining his consent, as evidenced by the IRS's refusal to process the form due to these unauthorized alterations, which was marked and returned to Plaintiff.

87. Defendant's counsel's actions in altering the IRS Form 4506 were intended to deceive both Plaintiff and the IRS, constituting an act of fraud and deceit.

88. Defendant's counsel threatened Plaintiff with sanctions and described Plaintiff's legitimate concerns over the unauthorized alterations as "frivolous and unmeritorious," further constituting acts of intimidation and professional misconduct.

89. These actions by Defendant's counsel were not isolated incidents but part of a broader pattern of behavior aimed at undermining the integrity of the legal process and Plaintiff's pursuit of justice, as evidenced by the ongoing litigation and Defendant's counsel's repeated attempts to dismiss Plaintiff's claims on unfounded grounds.

90. By engaging in such conduct, Defendant's counsel violated the ethical standards set forth by the Texas State Bar, which require attorneys to act with integrity and fairness in dealing with clients, opposing parties, courts, and others involved in the legal process.

91. The misconduct of Defendant's counsel has caused significant harm to Plaintiff, including emotional distress, damage to his reputation, and financial harm due to the prolongation of legal proceedings and potential impacts on his employment and financial stability.


WHEREFORE, Plaintiff seeks relief for the professional misconduct of Defendant's counsel, which directly violated Plaintiff's rights and adversely affected the administration of justice in this matter.


## COUNT ELEVEN: COERCION

Plaintiff incorporates all other paragraphs in this Complaint by reference as though fully written here.

92. Under Texas law, a claim for coercion involves the use of force, threats, or intimidation to compel a person to act against their will or to endure an involuntary condition.

93. Defendant Schlumberger Technology Corporation, by and through its agents and representatives, engaged in actions that constituted threats or intimidation, with the intent to compel Plaintiff to act against his will.

94. Specifically, Defendant, during a period when Plaintiff was recovering from major surgery, exerted pressure on Plaintiff to authorize the release of a variety of personal and sensitive documents, including but not limited to medical and mental health records, under the pretext of needing them for litigation discovery purposes.

95. Defendant further altered the authorization forms submitted by Plaintiff for the release of tax records by adding additional years without Plaintiff's knowledge or consent, an act which required correction by the IRS due to its unauthorized nature, indicating a clear intent by Defendant to access information beyond what was legally permissible.

96. The alteration of the authorization forms and the submission of these forms to the IRS without Plaintiff's consent or knowledge were intended to and did place Plaintiff under duress, compelling him to act against his will to prevent further unauthorized access to his personal information.

97. Defendant threatened Plaintiff with sanctions and further legal action, characterizing Plaintiff's objections and attempts to protect his privacy and legal rights as frivolous, thereby using intimidation to suppress Plaintiff's pursuit of his legal rights and remedies.

98. Defendant's actions were intended to and did create an involuntary condition for Plaintiff, where Plaintiff had to respond to unauthorized and potentially damaging access to his personal and sensitive information.

99. As a direct and proximate result of Defendant's coercive actions, Plaintiff suffered significant distress and was compelled to engage in legal actions to rectify the unauthorized access and

alteration of personal documents, which included additional legal expenses and personal distress.

100.    As a direct and proximate result of Defendant's coercive actions, Plaintiff suffered significant distress, fear, and anxiety, which exacerbated his medical condition and recovery process.

101.    Defendant's conduct as described herein was intentional, willful, and without justification, aimed at coercing Plaintiff into a position that would disadvantage him personally and financially.

102.    The factual allegations above are sufficient to state a claim for coercion, demonstrating that Defendant's actions were both intentional and resulted in harm to Plaintiff by forcing him to act against his will and endure an involuntary condition.


## COUNT TWELVE: INTIMIDATION

Plaintiff incorporates all other paragraphs in this Complaint by reference as though fully written here.

103.    Plaintiff alleges that Defendant engaged in conduct constituting intimidation under applicable law, which requires an intentional act by the defendant, communicated to the plaintiff, that places the plaintiff in fear of injury or harm with the purpose of compelling or deterring the plaintiff's conduct in some way.

104.    Defendant, through its counsel, knowingly engaged in actions and communications that placed Plaintiff in fear of injury or harm. Specifically, Defendant's counsel, Alexander C. Landin, threatened Plaintiff with sanctions and described Plaintiff's potential legal actions as

frivolous and harassing, as evidenced by the email dated October 10, 2024, from Alexander C. Landin to Plaintiff.

105.    The threats of sanctions and legal consequences were communicated directly to Plaintiff with the intent to deter Plaintiff from pursuing further legal action or complaints against Defendant, as indicated in the same correspondence from October 10, 2024.

106.    These communications were made during a period when Plaintiff was considering filing a formal complaint about the altering of IRS Form 4506, which was a sensitive and significant issue directly related to Plaintiff's ongoing legal disputes with Defendant.

107.    The timing and content of these communications were strategically issued to exploit Plaintiff's vulnerable position, recovering from major surgery and dealing with significant personal health information being improperly handled, as Plaintiff had previously communicated his health status and concerns to Defendant's counsel.

108.    The effect of these communications was to place Plaintiff in fear of unjustified legal and financial consequences, compelling him to reconsider or withdraw his legal actions and complaints, which directly aligns with the purpose of intimidation as defined by law.

109.    These actions by the Defendant were unwarranted, unauthorized, and outside the bounds of normal legal practice, intended to overbear the Plaintiff's will and to deter him from pursuing his legal rights, thus constituting Intimidation under the relevant statutes and legal precedents.

110.    Plaintiff asserts that these acts of intimidation caused significant emotional distress and were part of a broader pattern of behavior by Defendant aimed at undermining Plaintiff's legal pursuits and rights.

**COUNT THIRTEEN: THREAT FOR SANCTION**

Plaintiff incorporates all other paragraphs in this Complaint by reference as though fully written here.

111.    Defendant, in the course of litigation, wrongfully threatened Plaintiff with sanctions to intimidate or unduly influence Plaintiff's legal pursuit.

112.    On October 10, 2024, Defendant's counsel, Alexander C. Landin, communicated via email to Plaintiff, explicitly stating that should Plaintiff engage in any additional litigation perceived as unmeritorious by Defendant, Defendant would seek costs and fees associated with defending against such claims, characterizing them as baseless and vexatious.

113.    Defendant's threat was made in response to Plaintiff's consideration of filing a formal complaint concerning the unauthorized alteration of IRS Form 4506, which was a crucial element of ongoing litigation and directly related to Plaintiff's claims of fraud and forgery against Defendant.

114.    The threat for sanctions by Defendant was intended to coerce Plaintiff into refraining from pursuing legitimate legal claims and rights, specifically aimed at deterring Plaintiff from filing a complaint regarding the alteration of a government document that had been submitted to a federal agency.

115.    Such a threat of sanctions in this context was baseless and made in bad faith, as Plaintiff's claims concerning the unauthorized alteration of IRS Form 4506 involved substantial issues of law and fact that are material to the claims of fraud and forgery already part of the ongoing litigation.

116.    The wrongful use of threats for sanctions by Defendant has placed an undue burden on Plaintiff, hindering his ability to pursue his legal rights and remedies freely, and has potentially prejudiced the fair and just resolution of the case.

117.    By these actions, Defendant has engaged in conduct that improperly interferes with the administration of justice, as it undermines the integrity of the judicial process and the lawful assertion of rights through litigation.

118.    Each of these allegations is grounded in the factual narrative provided, demonstrating a clear and intentional misuse of threats for sanctions to suppress legitimate legal inquiry and action by Plaintiff.

119.    This conduct warrants judicial scrutiny and appropriate relief to prevent abuse of the legal process and to protect the rights of parties engaged in litigation.


**COUNT FOURTEEN: VIOLATION OF 26 U.S.C. § 7212(a)**

Plaintiff incorporates all other paragraphs in this Complaint by reference as though fully written here.

120.    The Internal Revenue Code, specifically 26 U.S.C. § 7212(a), makes it unlawful for any person to corruptly or by force or threats of force (including any threatening letter or communication) endeavor to intimidate or impede any officer or employee of the United States acting in an official capacity under this title, or in any other way corruptly or by force or threats of force (including any threatening letter or communication) obstruct or impede, or endeavor to obstruct or impede, the due administration of this title.

121.    To establish a violation of 26 U.S.C. § 7212(a), Plaintiff must prove that the Defendant corruptly or by force endeavored to obstruct or impede the due administration of the Internal Revenue Code.

122.    Defendant, Schlumberger Technology Corporation, through its counsel, engaged in actions aimed at obstructing the due administration of the Internal Revenue laws by altering IRS Form 4506, which Plaintiff had authorized only for the tax years 2019 and 2020.

123.    Defendant modified the authorized IRS Form 4506 by adding unauthorized tax years 2021 and 2022 without Plaintiff's knowledge or consent, as evidenced by the IRS's refusal to process the form due to the alterations, which were flagged as potential fraud.

124.    The unauthorized modification of IRS Form 4506 and the submission of the altered form to the IRS by Defendant was an endeavor to corruptly obtain confidential tax return information for years not authorized by Plaintiff, thereby interfering with the IRS's lawful administration of tax laws.

125.    The actions of Defendant were performed with the intent to gain an undue advantage in the ongoing litigation by accessing and potentially using Plaintiff's sensitive financial information from years not relevant to the claims being litigated, thereby impeding the IRS's function of protecting taxpayer information as mandated under the Internal Revenue Code.

WHEREFORE, by these actions, Defendant corruptly endeavored to obstruct and impede the due administration of the Internal Revenue laws, in violation of 26 U.S.C. § 7212(a).

**COUNT FIFTEEN: VIOLATION OF 26 U.S.C. § 6103 AND 26 U.S.C. § 7212(a)**

Plaintiff incorporates all other paragraphs in this Complaint by reference as though fully written here.

126.     Defendant Schlumberger Technology Corporation ("STC") unlawfully solicited, obtained, and attempted to obtain Plaintiff's tax return information without Plaintiff's consent, in violation of 26 U.S.C. § 6103, which prohibits the disclosure of tax returns and return information except as authorized by law.

127.     On or about May 12, 2023, Plaintiff provided signed IRS Form 4506 authorizing Defendant to access his tax returns for the years 2019 and 2020. Subsequently, without Plaintiff's knowledge or consent, Defendant altered the form to include the years 2021 and 2022 and submitted the unauthorized request to the IRS.

128.     The IRS, upon detecting the unauthorized alterations to IRS Form 4506, did not honor the request and instead struck the entire form, returning it with a postmark dated May 25, 2023, thereby notifying Plaintiff of the unauthorized attempt to access additional years of tax information.

129.     Defendant's actions in altering the IRS Form 4506 to include additional years without Plaintiff's consent and submitting the altered form to the IRS constitute an attempt to unlawfully obtain tax return information, directly contravening the protections afforded by 26 U.S.C. § 6103.

130.     Furthermore, Defendant's conduct interfered with Plaintiff's lawful attempts to resolve his claims and protect his tax return information, in violation of 26 U.S.C. § 7212(a), which prohibits corrupt or forcible interference with the administration of the Internal Revenue Code.

131.    Defendant's alteration and submission of the unauthorized IRS Form 4506 were

performed corruptly, with the intent to gain unauthorized access to Plaintiff's tax information

and to use that information to the Defendant's advantage in ongoing litigation, thereby

obstructing the due administration of the Internal Revenue Code.

132.    As a direct and proximate result of Defendant's violations of 26 U.S.C. § 6103 and §

7212(a), Plaintiff suffered damages including, but not limited to, invasion of privacy,

emotional distress, and costs associated with remedying the unauthorized disclosures and

attempts to obtain his tax return information.

WHEREFORE, defendant's actions were intentional, willful, and taken in blatant disregard for

Plaintiff's statutory rights under the Internal Revenue Code.


## COUNT SIXTEEN: VIOLATION OF 18 U.S.C. § 495

Plaintiff incorporates all other paragraphs in this Complaint by reference as though fully written

here.

133.    Under 18 U.S.C. § 495, it is unlawful for any person to falsely make, forge, counterfeit,

or alter any deed, power of attorney, order, certificate, receipt, or other writing for the

purpose of obtaining or receiving, or of enabling any other person, either directly or

indirectly, to obtain or receive from the United States, or any of its officers or agents, any

sum of money.

134.    Defendant Schlumberger Technology Corporation, through its counsel, altered an IRS

Form 4506, originally authorized by Plaintiff for the years 2019 and 2020, by adding

unauthorized years 2021 and 2022 without Plaintiff's knowledge or consent.

135.    The alteration of the IRS Form 4506 by Defendant was intended for submission to the IRS to obtain Plaintiff's tax return information for years 2021 and 2022, which was beyond the scope of Plaintiff's consent.

136.    The unauthorized and altered IRS Form 4506 was submitted to the IRS by Defendant, constituting a false writing within the meaning of 18 U.S.C. § 495.

137.    The purpose of submitting the altered IRS Form 4506 was to obtain financial information from the IRS, a United States government agency, which Defendant intended to use to influence the ongoing legal proceedings by establishing a baseline for damage calculations and potentially to exert pressure on Plaintiff during settlement discussions.

138.    The IRS recognized the irregularity in the submission due to the unauthorized alterations and consequently did not honor the request, returning the form marked with a postmark of May 25, 2023, to Plaintiff's address.

139.    By altering the IRS Form 4506 and submitting it to the IRS, Defendant acted with the intent to deceive a United States government agency in order to obtain confidential financial information of Plaintiff without his consent, thereby attempting to indirectly obtain a potential monetary advantage in the context of ongoing litigation.

140.    Plaintiff suffered actual harm as a result of Defendant's actions, including invasion of privacy, unauthorized access to personal financial information, and distress, all directly resulting from the falsified submission to the IRS.


WHEREFORE, defendant's actions, as described above, constitute a clear violation of 18 U.S.C. § 495, entitling Plaintiff to seek relief and damages as provided by law.

**COUNT SEVENTEEN: VIOLATION OF 18 U.S.C. § 1028**

Plaintiff incorporates all other paragraphs in this Complaint by reference as though fully written here.

141.    Defendant Schlumberger Technology Corporation, by and through its agents, engaged in knowingly transferring, possessing, and using, without lawful authority, a means of identification of another person, specifically, Plaintiff Gyanendra K Patra, with the intent to commit, or to aid or abet, or in connection with, any unlawful activity that constitutes a violation of Federal law, contrary to 18 U.S.C. § 1028(a)(7).

142.    Defendant, without Plaintiff's consent or authorization, altered an IRS Form 4506 by adding tax years 2021 and 2022 to the form that Plaintiff had originally signed only for the years 2019 and 2020, thereby using Plaintiff's personal identifying information.

143.    Defendant submitted the unauthorized, altered IRS Form 4506 to the Internal Revenue Service, an act that constitutes the transfer and use of Plaintiff's identifying information.

144.    The alteration and submission of the IRS Form 4506 by Defendant was intended to obtain Plaintiff's tax return information for years 2021 and 2022, which exceeds the scope of Plaintiff's authorization, thereby constituting an unlawful activity under Federal law, specifically under provisions related to fraud and privacy of tax return information.

145.    The IRS, recognizing the potential fraud, did not process the request and instead returned the form to Plaintiff, marked with indications of the unauthorized alterations.

146.    The actions of Defendant were part of an attempt to exert undue pressure on Plaintiff and to leverage the obtained information in a manner that would coerce Plaintiff into settling ongoing litigation on terms favorable to Defendant, further evidencing the intent to facilitate unlawful activity.

147.    As a result of Defendant's actions, Plaintiff fears misuse of his personal and sensitive

information, which could lead to significant personal and financial harm, and has suffered

distress and anxiety, thereby sustaining actual damages.

148.    As a direct and proximate result of Defendant's unlawful actions under 18 U.S.C. § 1028,

Plaintiff suffered damages including, but not limited to, emotional distress, invasion of

privacy, and had to undertake measures to protect against identity theft, such as credit

monitoring and securing personal financial accounts, thereby incurring additional expenses.

149.    Defendant's conduct as described herein was willful and malicious, warranting not only

compensatory but also punitive damages to deter such conduct in the future and to provide

just relief to Plaintiff.

150.    Each of these allegations is grounded in the factual narrative provided and supports the

claim under 18 U.S.C. § 1028 for the unauthorized and unlawful use of Plaintiff's identifying

information.


**COUNT EIGHTEEN: VIOLATION OF 26 U.S.C. § 7206(1)**

Plaintiff incorporates all other paragraphs in this Complaint by reference as though fully written

here.

151.    Defendant Schlumberger Technology Corporation, by and through its agents or

employees, did willfully make and subscribe a tax return, statement, or other document that

was not believed to be true and correct as to every material matter.

152.    Specifically, Defendant, without Plaintiff's authorization or consent, altered an IRS Form

4506 by adding tax years 2021 and 2022 to the years Plaintiff had authorized (2019 and

2020), which Plaintiff had signed for the purpose of complying with a legitimate discovery request related to the underlying employment litigation.

153.     The altered IRS Form 4506 was submitted to the IRS, which constitutes the act of subscribing to a document Defendant knew contained false information as to a material matter, specifically the scope of Plaintiff's consent regarding the disclosure of tax information.

154.     The IRS, recognizing potential discrepancies or due to other preventive measures, did not process the request but instead marked the form and returned it to Plaintiff, thereby notifying him of the unauthorized alterations.

155.     By altering the IRS Form 4506 to include years not authorized by Plaintiff, Defendant acted with the intent to deceive or mislead the IRS in relation to a matter arising under the internal revenue laws, specifically the lawful processing of tax information requests.

156.     Such conduct by Defendant falls squarely within the prohibitions set forth in 26 U.S.C. § 7206(1), which criminalizes the willful making of a false or fraudulent return, statement, or other document under the penalties of perjury.

157.     The actions of Defendant caused Plaintiff to fear further misuse of his personal and sensitive information, thereby inflicting emotional distress and anxiety, which are direct and proximate results of Defendant's unlawful conduct under 26 U.S.C. § 7206(1).

158.     As a result of Defendant's actions, Plaintiff suffered damages including but not limited to invasion of privacy, emotional distress, and potential exposure to financial fraud and identity theft, necessitating the placement of credit monitoring and additional security measures to protect Plaintiff's financial identity.

159.    Plaintiff seeks all remedies and relief as allowed under the law for the violation of 26

   U.S.C. § 7206(1) by Defendant.


## COUNT NINETEEN: VIOLATION OF 18 U.S.C. § 1028 – FRAUD AND RELATED ACTIVITY IN CONNECTION WITH IDENTIFICATION DOCUMENTS, AUTHENTICATION FEATURES, AND INFORMATION

Plaintiff incorporates all other paragraphs in this Complaint by reference as though fully written here.

160.    Defendant, Schlumberger Technology Corporation, knowingly and without lawful

   authority produced, transferred, and used a means of identification of another person, with

   the intent to commit, or to aid or abet, or in connection with, any unlawful activity that

   constitutes a violation of Federal law, or that constitutes a felony under any applicable State

   or local law, in violation of 18 U.S.C. § 1028(a)(7).

161.    Specifically, Defendant altered an IRS Form 4506, a means of identification, by adding

   unauthorized years (2021 and 2022) to the form initially authorized by Plaintiff for the years

   2019 and 2020, intending to obtain Plaintiff's tax return information for years not consented

   to by Plaintiff.

162.    Defendant submitted the unauthorized, altered IRS Form 4506 to the Internal Revenue

   Service (IRS), constituting the transfer of a means of identification of another person, namely

   Plaintiff, with the intent to commit a violation of federal law, specifically 26 U.S.C. §

   7206(1), which involves the fraudulent and false statements relating to the tax returns of

   Plaintiff.

163.   The IRS recognized the alteration and potential fraud involved, did not process the request, and returned the altered form to Plaintiff, thereby notifying Plaintiff of the unauthorized changes made by Defendant.

164.   This action by Defendant was part of a broader attempt to pressure Plaintiff into settling ongoing litigation under terms favorable to Defendant, by using Plaintiff's sensitive personal, employment and financial information as leverage.

165.   By these actions, Defendant intended to aid or abet, or engage in conduct in connection with unlawful activities, including but not limited to, the unauthorized access and use of sensitive tax information including employment details which constitutes a felony under applicable federal laws.

166.   Plaintiff suffered fear, distress, and was placed at risk of further identity theft and fraud as a direct result of Defendant's actions, which involved the production, transfer, and use of his means of identification without his consent and for purposes unauthorized by law.

167.   These actions by Defendant constitute a clear violation of 18 U.S.C. § 1028, entitling Plaintiff to seek relief and damages as provided by the statute and other applicable laws.


## COUNT TWENTY: VIOLATION OF 18 U.S.C. § 286 (CONSPIRACY TO DEFRAUD THE UNITED STATES)

Plaintiff incorporates all other paragraphs in this Complaint by reference as though fully written here.

168.   The first element of a claim under 18 U.S.C. § 286 requires the existence of an agreement between two or more persons to defraud the United States or any agency thereof in any manner or for any purpose. In this case, Defendant Schlumberger Technology Corporation,

represented by its counsel, and possibly other unidentified co-conspirators, engaged in a scheme to unlawfully alter IRS Form 4506, thereby attempting to obtain unauthorized tax return information of Plaintiff Gyanendra K Patra.

169.   It is further alleged that this agreement included the unauthorized modification of IRS Form 4506 to include years not consented to by Plaintiff, specifically adding the years 2021 and 2022 without Plaintiff's knowledge or consent. This modification was intended to increase the scope of information available to Defendant, thereby enhancing their position in ongoing litigation by obtaining financial information potentially irrelevant to the original consent provided by Plaintiff.

170.   The second element of a claim under 18 U.S.C. § 286 requires an overt act committed by one of the conspirators in furtherance of the conspiracy. Defendant's counsel, acting on behalf of Schlumberger Technology Corporation, submitted the altered IRS Form 4506 to the IRS, which constitutes an overt act in furtherance of the conspiracy to defraud.

171.   The IRS, recognizing the potential fraud, did not process the request but instead returned the form marked with indications of the unauthorized alterations. This action by the IRS serves as evidence that the overt act was committed in furtherance of the conspiracy.

172.   The third element of a claim under 18 U.S.C. § 286 requires that the purpose of the conspiracy was to defraud the United States or any agency thereof. By attempting to obtain unauthorized tax return information, Defendants aimed to mislead the United States Internal Revenue Service, an agency of the United States, thereby obstructing the lawful government function of protecting citizen's confidential information and ensuring the integrity of the tax information collection process.

173.    Plaintiff asserts that these actions were part of a deliberate attempt by Defendant to
undermine the integrity of legal proceedings by illegally influencing the discovery process
and gaining undue advantage in litigation, thereby defrauding the United States by impeding
the IRS and the judicial process.

174.    By these actions, Defendant Schlumberger Technology Corporation, through its
representatives and possibly other co-conspirators, has violated 18 U.S.C. § 286.


**COUNT TWENTY-ONE: VIOLATION OF 18 U.S.C. § 1001**

Plaintiff incorporates all other paragraphs in this Complaint by reference as though fully written
here.

175.    Defendant Schlumberger Technology Corporation, by and through its agents, knowingly
and willfully made a materially false, fictitious, and fraudulent statement and representation
in a matter within the jurisdiction of the executive, legislative, or judicial branch of the
Government of the United States, contrary to 18 U.S.C. § 1001.

176.    Specifically, Defendant, with intent to deceive, altered an IRS Form 4506, originally
authorized by Plaintiff for the years 2019 and 2020, by adding unauthorized years 2021 and
2022, and submitted this altered document to the IRS.

177.    The IRS, recognizing potential discrepancies or irregularities in the submission, did not
process the request but instead returned the form marked with indications of the alterations,
which was subsequently received by Plaintiff, evidencing the unauthorized changes made by
Defendant.

178.    The alteration and submission of the IRS Form 4506 with unauthorized years constituted
a false writing and document knowing it to contain such materially false, fictitious, and

fraudulent statements and entries about the Plaintiff's income, which was material to the legal proceedings and Plaintiff's claims of damages in the ongoing litigation.

179.   At the time of making such false statements and alterations, Defendant acted knowingly and willfully with the intent to deceive, mislead, or otherwise influence the actions of the IRS and the proceedings of this honorable court, thereby obstructing the due administration of justice.

180.   The actions of Defendant were not accidental or coincidental but were part of a deliberate attempt to misuse the discovery process and gain leverage over Plaintiff by accessing and potentially exposing sensitive financial information beyond the scope of the authorized years.

181.   Such conduct by Defendant directly violates the stipulations of 18 U.S.C. § 1001, which prohibits knowingly and willfully making materially false, fictitious, or fraudulent statements or representations in any matter within the jurisdiction of the executive, legislative, or judicial branches of the United States.


## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff Gyanendra K Patra respectfully requests that this Court:

a)   Grant judgment in favor of Plaintiff on all claims for Fraud, Forgery, Identity Theft, Attempt to commit Identity Theft, Perjury, Aggravated Perjury, Misleading and Cheating Government Agencies - IRS, Trying to cheat, deceive, and mislead Federal Court and its employees, Professional Misconduct, Coercion, Intimidation, Threat for Sanction, violations under 26 U.S.C. § 7212(a), U.S.C. §§ 6103 and 7212(a), 18 U.S.C. § 495, 18 U.S.C. § 1028, 26 U.S.C. § 7206(1), 18 U.S.C. § 1028, 18 U.S.C. § 286, and 18 U.S.C. § 1001;

b)   Issue a judicial determination of the rights, duties, and obligations of the parties hereto;

c) Enjoin Defendant Schlumberger Technology Corporation from further unauthorized use of Plaintiff's personal and financial information;

d) Award Plaintiff actual damages in the amount of $7,500,000, with the appropriate multiplier for punitive damages due to the egregious nature of the Defendant's actions;

e) Grant Plaintiff the maximum economic, non-economic, actual, statutory, emotional, general, punitive, and other damages available under the law;

f) Award Plaintiff's attorney/legal fees with the appropriate multiplier plus costs and expenses of litigation; and

g) Grant such other and further relief as the Court deems just and proper.

## VII.   JURY DEMAND

GYANENDRA K PATRA HEREBY DEMANDS A JURY ON ALL TRIABLE MATTERS.


Respectfully submitted,

s/o------------------------------------------

Gyanendra K Patra, Pro Se

5022 Big Meadow Lane

Katy, Texas 77494

Phone: 732-801-8983

Email: gpatra@gmail.com


Dated: October 29, 2024