Case 4:24-cv-04180   Document 17   Filed on 02/24/25 in TXSD   Page 1 of 9

United States District Court
Southern District of Texas
**ENTERED**
February 24, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| GYANENDRA K. PATRA, § | |
| § | |
| Plaintiff, § | |
| v. § | CIVIL ACTION NO. 24-4180 |
| § | |
| SCHLUMBERGER TECHNOLOGY § | |
| CORPORATION, *et al.*, § | |
| § | |
| Defendant. § | |

**MEMORANDUM AND OPINION**

Gyanendra Patra, representing himself, sued his former employer, Schlumberger Technology Corporation ("STC") and its counsel, MaryJo Lovie Roberts and Alexander C. Landin, alleging that they engaged in fraud, forgery, identity theft, and professional misconduct. (Docket Entry No. 10). This is Patra's second federal bite at the apple; he unsuccessfully sued Schlumberger in this district and division after Schlumberger fired him for sexually harassing his supervisor. Patra's lawsuit was dismissed with prejudice and the ruling was affirmed on appeal. *See Patra v. Schlumberger Tech. Corp.*, No. 24-20104, 2024 WL 4057578 (5th Cir. Sept. 5, 2024)

Patra filed this suit in October 2024. He asserts causes of action for fraud, forgery, identity theft, invasion of privacy, professional misconduct, coercion and intimidation, and malicious prosecution against STC, Roberts, and Landin. Most of the claims arise from the alleged attempt by the defendants to obtain Patra's 2021 and 2022 tax returns from the IRS in discovery in the dismissed federal case, and from the conduct of his supervisor and her husband in a state court lawsuit they filed to enjoin Patra from stalking them, electronically and physically. STC, Roberts,

and Landin now move to dismiss Patra's latest lawsuit for failure to state a claim under Civil Procedure Rule 12(b)(6). (Docket Entry No. 13). Patra has responded. (Docket Entry No. 16).

The court finds that Patra has continued to abuse the litigation system by filing the present lawsuit and grants the motion to dismiss, with prejudice. The reasons are set out below.

I.   **The Legal Standard**

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

"A complaint 'does not need detailed factual allegations,' but the facts alleged 'must be enough to raise a right to relief above the speculative level.'" *Cicalese v. Univ. Tex. Med. Branch*, 924 F.3d 762, 765 (5th Cir. 2019) (quoting *Twombly*, 550 U.S. at 555). "Conversely, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the

parties and the court." *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quotation marks omitted, alterations adopted) (quoting *Twombly*, 550 U.S. at 558).

A court reviewing a motion to dismiss under Rule 12(b)(6) may consider "(1) the facts set forth in the complaint, (2) documents attached to the complaint, and (3) matters of which judicial notice may be taken under Federal Rule of Evidence 201." *Inclusive Cmtys. Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 900 (5th Cir. 2019).

"The pleadings of pro se litigants are held to a more lenient standard than those of attorneys and are construed liberally to prevent a loss of rights that might result from inartful expression." *Whitfield v. Am. Express Nat'l Bank*, 2024 WL 1543236, at *2 (W.D. Tex. Apr. 9, 2024) (citing *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002)). "However, pro se plaintiffs are required to plead factual allegations that rise above a speculative level, and courts should not create causes of action where none exist." *Id.* (citing *Chhim v. University of Texas at Austin*, 836 F.3d 467, 469 (5th Cir. 2016)).

## II.   Analysis

### A.   The Claim of Fraudulent Misrepresentation

Patra alleges that the defendants made false representations to the IRS in unsuccessful attempts to obtain his 2021 and 2022 tax returns in discovery in his prior litigation. He also alleges false representations that the defendants made in the state court litigation. As the defendants point out in their motion to dismiss, Patra does not allege any false representations made to him. (Docket Entry No. 13 at 11). Rather, he alleges that the defendants altered an IRS form seeking his tax return for 2019 to also seek the 2021 and 2021 returns, making the alleged misrepresentation one to the IRS, not to Patra. (Docket Entry No. 10 at 10). Patra has failed to state a claim for fraudulent misrepresentation. The claim of fraudulent misrepresentation is dismissed, with prejudice.

### B. The Claim of Forgery

The basis for Patra's forgery claim is that the defendants allegedly altered his IRS Form 4506, which he had signed authorizing the release of his tax returns for 2019, to include two additional years, 2021 and 2022. (Docket Entry No. 10 at 10). He alleges that these alterations were done without his permission and that the altered form was submitted to the IRS without his consent. (*Id*.). He alleges that this act of forgery was "intended to mislead the IRS and harm his credibility." (*Id*.). But Patra fails to state a claim, because there is no cognizable civil claim for forgery under Texas law. *See Hudnall v. Texas*, 2023 WL 2338009, at *5 (W.D. Tex. Mar. 2, 2023), *report and recommendation adopted*, 2023 WL 2592295 (W.D. Tex. Mar. 22, 2023). The claim of forgery is dismissed, with prejudice.

### C. The Claim of Identity Theft

Patra alleges that the defendants wrongfully used his personal identifying information, including his name, email address, and sensitive financial details, without authorization, to create fake email accounts. (Docket Entry No. 10 at 12-13). Patra alleges that these fake email accounts were used to send fraudulent emails, which were later presented as evidence in court to support fabricated claims against him. (*Id*.). Patra has failed to state a plausible claim. District courts in this circuit have repeatedly rejected attempts by litigants to bring civil claims under criminal statutes, including attempts to assert civil claims for alleged identity theft. *See, e.g.*, *Grimes v. Avis Budget Grp., Inc.*, 2022 WL 317678 (N.D. Tex. Jan. 24, 2022), *report and recommendation adopted*, 2022 WL 313436 (N.D. Tex. Feb. 2, 2022), *aff'd sub nom. Grimes v. Avis Budget Car Rental, L.L.C.*, 2022 WL 4533989 (5th Cir. Sept. 28, 2022).

### D. The Claim of Invasion of Privacy

Patra alleges that the defendants released private information about him that was in the possession of STC's human resources department. (Docket Entry No. 10 at 15-16). He alleges that this private information includes his insurance information, prior addresses, social security number, email address, and the names of his spouse and children. (*Id*.). Patra alleges that the defendants shared this information with a third party, Tritico Rainey PLLC, "a criminal attorney with alleged ties to sex and drug-related businesses in Houston." (*Id*.). He claims that this information was used to "conduct extrajudicial surveillance and intimidation activities targeting Plaintiff's spouse and children." (*Id*. at 16). He further alleges that the defendants, acting through Tritico Rainey, sent him harassing and defamatory communications. (*Id*. at 18).

These allegations appear to be the basis of claims for intrusion upon seclusion and public disclosure of private facts under Texas law. As to the first, the claim for intrusion upon seclusion, "there 'are two elements to this cause of action: (1) an intentional intrusion, physically or otherwise, upon another's solitude, seclusion, or private affairs or concerns, which (2) would be highly offensive to a reasonable person.'" *Amin v. United Parcel Serv., Inc.*, 66 F.4th 568, 576 (5th Cir. 2023) (citing *Valenzuela v. Aquino*, 853 S.W.2d 512, 513 (Tex. 1993)). Patra's barebones and conclusory allegation that the defendants, acting through the law firm representing them in the state court litigation against Patra, engaged in "extrajudicial surveillance" and "intimidation activities" does not state a claim for intrusion upon seclusion.

"To plausibly plead a claim of invasion of privacy by public disclosure of private facts, [the] [p]laintiff must set forth facts from which the court can reasonably infer that: '(1) that publicity was given to matters concerning his private life, (2) the publication of which would be highly offensive to a reasonable person of ordinary sensibilities, and (3) that the matter publicized

5

is not of legitimate public concern.'" *Walters v. Blue Cross & Blue Shield of Texas, Inc.*, 2022 WL 902735, at *4 (N.D. Tex. Mar. 28, 2022) (citing *Indus. Found. of the S. v. Texas Indus. Acc. Bd.*, 540 S.W.2d 668, 682 (Tex. 1976)). Courts have found that the first element is not met where the private information is disseminated to only one party, as opposed to the public at large. *Id*. at 5. Patra alleges that his private information was shared with Tritico Rainey, LLP, not a wider audience. Patra's allegations fail to allege facts that could show the first element of his claim for invasion of privacy by public disclosure of private facts. The court need not reach the remaining elements.

The claims for intrusion upon seclusion and invasion of privacy by public disclosure of private facts are dismissed, with prejudice.

### E. Professional Misconduct

Patra alleges that STC, Roberts, and Landin committed numerous acts of misconduct in the prior federal case and in the state court case in Fort Bend County. Patra claims that in the federal case, Roberts and Landin altered official documents, including IRS forms, without Patra's consent. (Docket Entry No. 10 at 19). He also alleges that STC's in-house counsel "orchestrated a retaliatory case in Fort Bend County … using fabricated charges, forged emails, and altered documents … intended to intimidate Plaintiff and obstruct his ability to pursue EEOC charges." (*Id*.).

Even assuming the truth of the allegations that against Roberts and Landin, this court does not have the power to disqualify or otherwise sanction Roberts and Landin. *See In re Lothian Oil, Inc.*, 531 F. App'x 428, 445 (5th Cir. 2013) (a federal court's "inherent power to punish bad-faith conduct does not extend to actions in a separate state court proceeding" (quotation omitted)); *In re Case*, 937 F.2d 1014, 1023–24 (5th Cir. 1991) (a court's inherent power to address bad-faith

conduct "must arise from the litigation before that court"). And there is no private right of action against an attorney for violating an ABA Model Rule of Professional Conduct. The court cannot grant the relief that Patra seeks and dismisses these claims, with prejudice.

### F. The Claim of Coercion and Intimidation

Patra alleges that the defendants "exploited [his] vulnerable state during medical recovery to coerce him into providing sensitive personal information under the guise of discovery" and also "issued legal threats, including warnings of 'serious consequences' if Plaintiff pursued EEOC charges." (Docket Entry No. 10 at 22). Based on these allegations, Patra asserts claims for "coercion and intimidation," witness tampering, and obstruction of justice. There is no standalone claim under Texas law for "coercion and intimidation." Patra's claim for witness tampering under 18 U.S.C. § 1512 fails because this criminal statute does not provide a private right of action. *See Gilbert v. Mallios*, 2024 WL 1806431, at *2 (E.D. Pa. Apr. 25, 2024) (collecting cases). The same is true of Patra's claim under 26 U.S.C. § 7212(a). *See, e.g.*, *Jones v. Tennessee*, 2023 WL 3766809 (E.D. Tenn. June 1, 2023), *appeal dismissed*, 2023 WL 9165912 (6th Cir. Aug. 22, 2023) (holding that the plaintiff failed to state a claim 26 U.S.C. § 7212 because that statute is criminal in nature and does not provide litigants with a basis for a private cause of action in a civil suit). The claims of "coercion and intimidation," witness tampering, and obstruction of justice are dismissed, with prejudice.

### G. The Claim of Malicious Prosecution

The basis of Patra's malicious prosecution claim is that the defendants, acting through Tritico Rainey, LLP, initiated and pursued "a retaliatory and baseless" legal action against Patra in state court in Fort Bend County. The elements of a claim for malicious prosecution under Texas law are that: (1) a civil judicial proceeding was previously filed; (2) the defendant in the malicious-

7

prosecution case caused the original suit to be filed; (3) the original proceeding was malicious; (4) no probable cause existed for filing the original proceeding; (5) the original suit was terminated in favor of the party prosecuting the later malicious-prosecution action; and (6) the result was damages meeting the legal standards under Texas law. *Hum. Power of N Co. v. Turturro*, 2024 WL 4643931 (Tex. App. Nov. 1, 2024).

Malicious prosecution claims in Texas have a one-year statute of limitations. *See* Tex. Civ. Prac. & Rem. Code § 16.002. The proceedings in Fort Bend County took place in 2020, making Patra's claim for malicious prosecution untimely. (Docket Entry No. 13 at 19; Docket Entry No. 16 at 5-6). Patra argues that the statute of limitations should be tolled because of the discovery rule and the doctrine of fraudulent concealment. (*Id*.). But Patra knew of the litigation when it began over four years ago, and he alleges no reason preventing him from bringing malicious prosecution claim related to that litigation before October 2024, when he brought this suit against STC, Roberts, and Landin. There is no basis to toll the statute of limitations for this claim. It is untimely, and must be dismissed with prejudice.

## III.   Conclusion

Patra's complaint is dismissed, with prejudice, and without leave to amend because amendment of any of his claims would be futile. Because Patra has repeatedly raised similar claims without success, he is barred from filing further litigation in federal court in the Southern District of Texas, Houston Division, unless he obtains written permission in advance from the Chief Judge or his designee.

Final judgment is separately entered.

SIGNED on February 24, 2025, at Houston, Texas.

_____
Lee H. Rosenthal
Senior United States District Judge